The Honorable Jim Hill State Senator 100 Center Nashville, AR 71852-3821
Dear Senator Hill:
You have requested my opinion concerning the Howard Memorial Hospital.
You have provided the following background information:
 Howard County Memorial Hospital was operated as a county hospital through February 28, 1987 by a Board of Governors created by the Quorum Court. On December 16, 1986, this Board was dissolved by Ordinance No. 86-12, and on December 18, 1986, members of the former Board of Directors formed a 501(c)(3) not-for-profit corporation, Howard Memorial Hospital.
 Additionally, on December 18, 1986, Howard Memorial Hospital signed a lease agreement with the County to lease the hospital facilities for a 25-year period at a fee of $25.00/year. The lease agreement was approved by Quorum Court Ordinance No. 86-12.
 Attorney General's Opinion 94-264 states that a county board of governors over a county hospital may not be dissolved once the hospital is leased to another entity. The Attorney General states that, in the event the board of governors leases the hospital for third party operation, the board retains the underlying responsibility for its management, control and operation. The Opinion further states that the board of governors of a county hospital should not simultaneously serve as the board of directors for the corporation to whom the hospital is being leased.
Your question regarding the above described scenario is:
 Should the County re-establish a county hospital board of governors to oversee the interests of the County the leased property?
RESPONSE
It is my opinion that the County should re-establish a county hospital board of governors.
Each county that owns a hospital is required to establish a board of governors for the hospital. See A.C.A. §§ 14-263-103 and -104. Two of my predecessors in office have opined that the responsibilities of the board of governors continue even after the hospital is leased for third party operation. See Ops. Att'y Gen. Nos. 96-266; 94-264; 86-537. I agree with this conclusion. It is based upon the fact that a leased hospital continues to be a county-owned hospital, and the board is statutorily charged with the responsibility of "managing, controlling, and supervising the operation of the county hospital[.]" See A.C.A. §14-263-105(b). The statute granting the board the authority to lease a county hospital does not provide that the board may abdicate its oversight responsibility through such a lease. Indeed, some entity must assure the lessee's compliance with the lease agreement. Of course, the board's specific duties may be impacted by the terms of the lease agreement, but its underlying responsibilities are ongoing.
Accordingly, I conclude that the Howard County should re-establish the board of governors for the Howard Memorial Hospital, pursuant to the procedures set forth in A.C.A. § 14-263-104.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General